Michael J. Farrell, OSB #902587
Email: mfarrell@martinbischoff.com
Bruce C. Hamlin, OSB #792542
Email: bhamlin@martinbischoff.com
MARTIN BISCHOFF TEMPLETON
 LANGSLET & HOFFMAN LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204
Telephone: 503.224.3113
Facsimile: 503.224.9471

Attorneys for Defendant Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust 2005-2

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

(EUGENE DIVISION)

| | |
|---|---|
| RALPH RHODES<br><br>    Plaintiff,<br><br>  v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for Long Beach Mortgage Loan Trust 2005-2.<br><br>    Defendant. | Case No.  6-12-cv-01357-PA<br><br>**MEMORANDUM IN SUPPORT OF DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY'S MOTION FOR SUMMARY JUDGMENT** |

## BACKGROUND

  This case arises out of Plaintiff's default under the terms of a promissory note and deed of trust, and a completed non-judicial foreclosure.

  On or about December 1, 2004, Plaintiff financed a home in Eugene Oregon (the "Property") by executing a promissory note in the amount of $161,500 (the "Note") and a

Page 1-   MEMORANDUM IN SUPPORT OF DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY'S MOTION FOR SUMMARY JUDGMENT

MARTIN, BISCHOFF, TEMPLETON,
LANGSLET & HOFFMAN LLP
Attorneys at Law
888 SW Fifth Avenue, Suite 900
Portland, OR  97204
Telephone (503) 224-3113
Fax (503) 224-9471

corresponding deed of trust concerning the Property (the "Deed of Trust").  (Hamlin Decl. Exhs. 1, 4).  The original lender designated on the Note and Deed of Trust was Long Beach Mortgage Company. (Hamlin Decl. Exhs. 1, 4). The "beneficiary" and "lender" designated in the Deed of Trust is Long Beach Mortgage Company (Hamlin Decl. Exh. 4, p. 1). The Deed of Trust further states that the beneficiary can exercise the power of sale in the case of a default. (Hamlin Decl., Exh. 4).

On November 22, 2005, Long Beach Mortgage Trust Company assigned its interest in the Deed of Trust to the Defendant Trust.  (Hamlin Decl., Exh. 5).  That assignment was consistent with the earlier endorsement of the promissory note in blank (Hamlin Decl., Exh. 1, p. 4) and the deposit of the note into the Defendant Trust.  (Hamlin Decl., Exhs. 2, 3).

Although Plaintiff takes pains to avoid admitting it, Plaintiff defaulted under the terms of the Note and Deed of Trust by failing to make all payments when due.  (Hamlin Decl. Exh. 9, p. 10 (reciting the extent of the default).  Plaintiff applied for a loan modification, and signed a trial plan agreement. (Hamlin Decl., Exh. 7).  However, Plaintiff did not submit all of the documents required for a loan modification application, and made only one of the required payments. (Hamlin Decl., Exh. 8).  Plaintiff does not allege that any loan modification agreement was ever entered into. .  (Compl. ¶10 B(1)).

An Appointment of Successor Trustee naming Northwest Trustee Service, Inc. Thereafter, on April 1, 2010, NWTS issued a notice of default and election to sell concerning the Property. (Hamlin Decl. Exh. 12).   The foreclosure sale under the notice of default took place on or about August 13, 1010.  (Hamlin Decl. Exh. 9, p. 15).

Following the trustee's sale, eviction counsel filed suit against Ralph Rhode in Lane County Circuit Court.  That case was dismissed without prejudice because "[i]t would appear that there is an opportunity to resolve the dispute between the parties."  (Hamlin Decl., Exh. 4). Plaintiff does not allege that there was ever such a resolution.  (Compl. ¶12).

On or about May 4, 2012,  Plaintiff filed the instant lawsuit against the Defendant Trust

Page 2-    MEMORANDUM IN SUPPORT OF DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY'S MOTION FOR SUMMARY JUDGMENT

MARTIN, BISCHOFF, TEMPLETON, LANGSLET & HOFFMAN LLP
Attorneys at Law
888 SW Fifth Avenue, Suite 900
Portland, OR  97204
Telephone (503) 224-3113
Fax (503) 224-9471

in Lane County Circuit Court, seeking injunctive relieve reversing the completed non-judicial foreclosure, quiet title, and declaratory relief.

Defendant now seeks summary judgment dismissing Plaintiff's claims on several grounds.

## LEGAL ARGUMENT

A.   **There is No Genuine Dispute that Chase has the Right to Foreclose on the Property.**

Plaintiff's ultimate claim is that "any Trustee's Sale relating to the Property that occurred on August 11, 2010, could not have conveyed the Property's title to Defendant" because of various defects in the sale.  Compl. ¶ 10.  However, the evidence in the summary judgment record is to the contrary:  Plaintiff is in default on the loan, and has been since long before the notice of default and election to sell;  Defendant Trust is the assignee of Long Beach Mortgage Company's interest in the deed of trust, by virtue of an assignment that was recorded, and by receipt of the promissory note, endorsed in blank.

B.   **Plaintiff is Not Entitled to Declaratory Relief.**

The Declaratory relief requested by Plaintiff is not entirely clear.[1]  "Plaintiff prays for a decree . . . declaring plaintiff to be the owner in fee simple of the Property described above and entitled to possession thereof, free of any estate, title, claim, lien, or interest of Defendant or those claiming under Defendant."  (Compl. ¶ 17C).

With respect to the promissory note, Plaintiff states that

> Defendant did not and does not own the promissory note that Plaintiff gave in the loan transaction underlying the Trust Deed that was allegedly nonjudicially foreclosed in the alleged Trustee's Sale. . .[and] [i]f Defendant did not own the note, Defendant's Trustee was not entitled to execute on the Trust Deed and any Trustee's Deed that was given in the alleged Trustee's Sale was void as a matter of law and conveyed no interest in the Property to Defendant.

---

[1] Even assuming that there was a cause of action that allowed the sale to be reversed, and there is no such claim, it is hard to understand how that would result in the secured debt disappearing.  Plaintiff's Complaint provides no explanation.

Page 3-   MEMORANDUM IN SUPPORT OF DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY'S MOTION FOR SUMMARY JUDGMENT

MARTIN, BISCHOFF, TEMPLETON, LANGSLET & HOFFMAN LLP
Attorneys at Law
888 SW Fifth Avenue, Suite 900
Portland, OR  97204
Telephone (503) 224-3113
Fax (503) 224-9471

(Compl. ¶ 10C(1,2)). The summary judgment record, however, shows that the promissory note was endorsed in blank and deposited in the trust. Further, the Deed of Trust was properly assigned to the Defendant Trust.

A party conducting a non-judicial foreclosure is not required to "show the note" and obtain Court approval before conducting a sale. *Staton v. BAC Home Loans Servicing, L.P.*, 2012 WL 1624296 (D. Or. May 5, 2012). Even if non-judicial foreclosure required such a presentation of the promissory note, all of the operative documents have been produced in discovery in this case, and they do not support Plaintiff's claim.

Plaintiff claims that Defendant did not own the promissory note on the date of the non-judicial foreclosure. Complaint ¶ 10C. However, the identity of the owner of the promissory note on the date of the sale, and on any other date, is not relevant. *Staton v. BAC Home Loans Servicing, L.P.*, 2012 WL 1624296 (D. Or. May 5, 2012)("Plaintiff cannot state a plausible claim for relief on this basis; presentation of the original promissory note is not required under Oregon law. *See Tabb v. OneWest Bank (IndyMac) ("Tabb II"),* 2010 WL 5684402, *5 (D.Or. Nov. 1, 2010) ("Oregon ... does not require any party to a trustee's sale to produce a physical copy of the original note"); *Barker v. GMAC Mortg., LLC,* 2011 WL 3360677, *2 (D.Or. Aug. 3, 2011), *recons. denied,* 2011 WL 4754529 (D.Or. Oct. 6, 2011); *Beyer,* 800 F.Supp.2d 1157, 1159 (D.Or.2011) (OTDA "does not require presentment of the Note or any other proof of 'real party in interest' or 'standing' other than the Deed of Trust.") (citing *Stewart v. Mortg. Elec. Registration Sys., Inc.,* 2010 WL 1055131, *12 (D.Or. Feb. 9, 2010)); *see also* Or.Rev.Stat. § 86.735 (presentation of the note is not listed as a requirement for nonjudicial foreclosure)). Further, a non-judicial foreclosure trustee's sale need not be conducted in the name of the owner of the promissory note. *Angels Alliance Group LLC,* 2012 WL 1801928 (May 17, 2012)(citing ORS 86A.175).

It would be inappropriate for the Court to grant declaratory relief based upon those vague and unsupported claims. The Court can only consider the facts that are before the Court, which

Page 4-    MEMORANDUM IN SUPPORT OF DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY'S MOTION FOR SUMMARY JUDGMENT

MARTIN, BISCHOFF, TEMPLETON, LANGSLET & HOFFMAN LLP
Attorneys at Law
888 SW Fifth Avenue, Suite 900
Portland, OR 97204
Telephone (503) 224-3113
Fax (503) 224-9471

consist of one promissory note, and an assignment of the Deed of Trust from Long Beach Mortgage Company to the Defendant Trust, which is a matter of public record. Those facts, which control over Plaintiff's theories, provide no basis for declaring in Plaintiff's favor that Defendant Trust is not the entity entitled to enforce the note, or a secured party. If the Court were inclined to declare the rights of the parties, the declaration would be in favor of Defendant Trust.

### C. Plaintiff Cannot Upset a Completed Non-Judicial Foreclosure.

All of Plaintiff's claims are based in equity. State courts have not been receptive to efforts to upset a completed non-judicial foreclosure. *Wolf v. GMAC Mortgage, LLC,* Yamhill County Circuit Court No. CV 120134 (Order Granting GMAC Mortgage, LLC's Motion for Summary Judgment, dated March 13, 2012. GMAC's Reply Memorandum and the Yamhill County Circuit Court Order are attached as Exhs. 13 and 14 to the Hamlin Decl., filed concurrently.

Further, Plaintiff has not alleged, and cannot prove that he offered to or is prepared to cure the default, which has long ago been accelerated. *Cf. Ramos v. Wells Fargo Bank N.A.*, 6:12-CV-00246-AA, 2012 WL 4863708 (D. Or. Oct. 5, 2012) ("to the extent they are based in equity, plaintiffs' claims are precluded by their failure to allege an ability to cure the default.")[2]

### D. Plaintiff Can Prove No Set of Facts Supporting a Decree Quieting Title.

A suit to quiet title is an equitable action. See ORS 105.605 (2009); *Coussens v. Stevens*, 200 Or. App. 165, 171, 113 P.3d 952 (2005) ("To secure a judgment quieting title, plaintiffs must prove that they have substantial interest in, or claim to, the disputed property and that their title is superior to that of defendants.").[3] It is well established that to quiet title in his favor, a

---

[2] *Ramos* involved a pending non-judicial foreclosure, rather than a completed non-judicial foreclosure. However, one of the two cases cited in *Ramos, Stations W., LLC v. Pinnacle Bank of OR,* involved a completed non-judicial foreclosure.

[3] Under Oregon law, a claim for quiet title is an equitable action to determine conflicting or adverse claims, interests, or estates in real property. ORS 105.605, which expands Oregon common law, provides "[a]ny person claiming an interest or estate in real property not in the actual possession of another may maintain a suit in equity against another who claims an adverse interest or estate therein for the purpose of determining such conflicting or

Page 5-    MEMORANDUM IN SUPPORT OF DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY'S MOTION FOR SUMMARY JUDGMENT

MARTIN, BISCHOFF, TEMPLETON, LANGSLET & HOFFMAN LLP
Attorneys at Law
888 SW Fifth Avenue, Suite 900
Portland, OR 97204
Telephone (503) 224-3113
Fax (503) 224-9471

plaintiff "must prevail on the strength of his own title as opposed to the weakness of defendants' title." *Faw v. Larson*, 274 Or. 643, 646, 548 P.2d 495 (1976).  Thus, a complaint that consists solely of allegations concerning the weakness of his adversaries' title fails to state a claim under Rule 12(b)(6).  *See, Yares v. Bear Stearns Residential Mortgage Corp.*, 2011 WL 2531090 (D. Ariz. June 24, 2011) (dismissing plaintiff's quiet title claim for failure to state a claim where plaintiff did not allege that she satisfied her loan obligations or indicated that she was ready, willing and able to tender the full amount owed on the loan); *Gallant v. Deutsche Bank Nat. Trust Co.*, 766 F.Supp.2d 714, 719 (W.D. Va. 2011) (dismissing plaintiff's quiet title claim "[b]ecause the Complaint contains no allegations which plausibly suggest that the defendant has no rightful claim to the property at issue or that the plaintiff has superior title to the property….").

The Medford Division of the United States District Court recently considered a similarly flawed complaint in *Longley v. Wells Fargo Bank, N.A.*, 2011 WL 1637334 (D. Or. March 29, 2011).  In *Longley*, plaintiff sought to quiet title as to security interests in the property asserted by several banks.  Like the present facts, the plaintiff in *Longley* based his argument exclusively on technical deficiencies in the banks' title without asserting his own rights in the property.  Rejecting this argument, the court noted that plaintiff failed to allege that the deed of trust had been paid in full or otherwise satisfied, explaining:

> In short, plaintiff's claims for quiet title as to both Chase and Wells
> Fargo rest not on the strength of his own title, but rather on what
> he perceives to be the weaknesses of defendants' title: the inability
> to produce the original loan documents…This argument thus
> provides no basis for finding that plaintiff's title is superior to that
> of Chase or Wells Fargo, and does not form the basis for a viable
> claim for quiet title.  Therefore, the claim should be dismissed. *Id.*
> p. 4.

*See also, Oliver v. Delta Financial Liquidating Trust,* 2012 WL 370494 * 5 (D. Or. 2012).

---

adverse claims, interests or estates."

Page 6-    MEMORANDUM IN SUPPORT OF DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY'S MOTION FOR SUMMARY JUDGMENT

MARTIN, BISCHOFF, TEMPLETON,
LANGSLET & HOFFMAN LLP
Attorneys at Law
888 SW Fifth Avenue, Suite 900
Portland, OR  97204
Telephone (503) 224-3113
Fax (503) 224-9471

Turning to the subject facts, Plaintiff does not deny the existence of the subject loan. Further, Plaintiff does not allege any facts which would establish that the loan has otherwise been satisfied. Thus, like the plaintiff in *Longley*, Plaintiff's Complaint rests entirely on the alleged weaknesses of Defendants' title, as opposed to the superiority of his own interest in the Property. Without any allegations or proof that his title is superior to that of Defendant Trust because he has satisfied all of his loan obligations or is ready, willing and able to satisfy those obligations in full, Plaintiff's complaint fails as a matter of law. *Longley,* 2011 WL 1637334. Therefore, the Court should grant summary judgment in Defendant Trust's favor on the quiet title claim.

### E. Plaintiff's Claim that Defendant Must Be Registered to Do Business in Oregon.

Paragraph 10 (A) of the Complaint alleges that the non-judicial foreclosure was invalid because Defendant was not registered as a foreign corporation at the time of the non-judicial foreclosure. In fact, the sale was conducted by the trustee, and further, the question of authority to conduct a non-judicial foreclosure has been litigated in this district, and against Plaintiff's position. *In re McCoy*, 446 B.R. 453, 457 (Bankr. D. Or. 2011) ("The Complaint also alleges that any actions taken by MERS in Oregon are a legal nullity because MERS is not authorized to do business in the state. However, as Defendant points out, even if MERS's activities in the state were not excepted at ORS 60.701(2) from the requirement that an entity be authorized by the Secretary of State to do business in the Oregon (although it appears that they are in this case), ORS 60.704(5) provides that "the failure of a foreign corporation to obtain authority to transact business in this state does not impair the validity of its corporate acts or prevent it from defending any proceeding in this state."").

### F. Plaintiff Cannot Demonstrate A Loan Modification Agreement, Or a Post-Foreclosure Agreement.

Plaintiff claims that both before the non-judicial sale (Complaint ¶ 10B), and after the sale (Complaint ¶ 12), there were inconclusive discussions regarding loan modification or

Page 7-    MEMORANDUM IN SUPPORT OF DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY'S MOTION FOR SUMMARY JUDGMENT

MARTIN, BISCHOFF, TEMPLETON,
LANGSLET & HOFFMAN LLP
Attorneys at Law
888 SW Fifth Avenue, Suite 900
Portland, OR 97204
Telephone (503) 224-3113
Fax (503) 224-9471

redemption. Again, the courts have resolved such claims against borrowers. *Ramos v. Wells Fargo Bank N.A.*, 6:12-CV-00246-AA, 2012 WL 4863708 (D. Or. Oct. 5, 2012) (granting motions against a claim for failure to modify a loan). It is unclear what consideration Plaintiff relies upon to support a claim for loan modification, since trial plan payments don't qualify as consideration. *Baringa v. JP Morgan Chase & Co.,* 749 F.Supp.2d 1164, 1173-74 (D. Or. 2010). Claims based upon promissory estoppel as a substitute for consideration have been rejected, often because there is no proof of a "definite and certain promise." *Id.* at 1176-77.

Plaintiff's claim cannot survive on these facts, either as a contractual claim or under an alternative doctrine such as promissory estoppel.

## CONCLUSION

This is a simple case involving a promissory note, endorsed in blank, in the hands of the assignee to the original lender. Plaintiff was in default, and it was appropriate to initiate and conduct a non-judicial foreclosure. Thus, there is no basis for declaratory relief, a decree quieting title, or injunctive relief. When Plaintiff's claims for relief are examined substantively, none of them can survive summary judgment.

DATED: June 14, 2013.

                MARTIN, BISCHOFF, TEMPLETON,
                  LANGSLET & HOFFMAN LLP


By: /s/Bruce C. Hamlin
    Bruce C. Hamlin, OSB #792542
    Email: bhamlin@martinbischoff.com
    888 SW Fifth Avenue, Suite 900
    Portland, Oregon 97204
    Telephone: 503.224.3113
    Facsimile: 503.224.9471
        Attorneys for Defendant Deutsche Bank
        National Trust Company, as Trustee for
        Long Beach Mortgage Loan Trust 2005-2

Page 8-    MEMORANDUM IN SUPPORT OF DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY'S MOTION FOR SUMMARY JUDGMENT

MARTIN, BISCHOFF, TEMPLETON,
LANGSLET & HOFFMAN LLP
Attorneys at Law
888 SW Fifth Avenue, Suite 900
Portland, OR 97204
Telephone (503) 224-3113
Fax (503) 224-9471

CERTIFICATE OF SERVICE

I hereby certify that, on this date, I filed the foregoing **MEMORANDUM IN SUPPORT OF DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY'S MOTION FOR SUMMARY JUDGMENT** via the U.S. District Court's CM/ECF Electronic Filing System. I further certify that by filing said document via the U.S. District Court's CM/ECF Electronic Filing System, a copy thereof was served on the following party:

>Travis W. Misfeldt
>Speer Hoyt LLC
>975 Oak St Ste 700
>Eugene, OR  97401
>E-mail:  travis@speerhoyt.com

>Attorney for plaintiff

DATED:  June 14, 2013.

>MARTIN, BISCHOFF, TEMPLETON,
>   LANGSLET & HOFFMAN LLP
>
>By:    /s/Bruce C. Hamlin
>   Bruce C. Hamlin, OSB #792542
>   Email:  bhamlin@martinbischoff.com
>   888 SW Fifth Avenue, Suite 900
>   Portland, Oregon  97204
>   Telephone:  503.224.3113
>   Facsimile:  503.224.9471
>
>   Attorneys for Defendant Deutsche Bank
>   National Trust Company, as Trustee for Long
>   Beach Mortgage Loan Trust 2005-2

Page 1-    CERTIFICATE OF SERVICE

MARTIN, BISCHOFF, TEMPLETON,
LANGSLET & HOFFMAN LLP
Attorneys at Law
888 SW Fifth Avenue, Suite 900
Portland, OR  97204
Telephone (503) 224-3113
Fax (503) 224-9471