**Michael J. Farrell, OSB #902587**
mfarrell@martinbischoff.com
**Bruce C. Hamlin, OSB #792542**
bhamlin@martinbischoff.com
MARTIN BISCHOFF TEMPLETON
 LANGSLET & HOFFMAN LLP
888 SW Fifth Avenue, Suite 900
Portland, OR  97204
Telephone:  (503) 224-3113
Facsimile:  (503) 224-9471

Attorneys for Defendant Deutsche Bank National Trust
Company, as Trustee for Long Beach Mortgage Loan Trust
2005-2

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| RALPH RHODES,<br><br>               Plaintiff,<br><br>    v.<br><br>DEUTSCHE BANK NATIONAL TRUST<br>COMPANY, as Trustee for Long Beach<br>Mortgage Loan Trust 2005-2.<br><br>             Defendant. | Case No.  6-12-cv-01357-PA<br><br>**DEFENDANT'S REPLY ON ITS MOTION<br>FOR SUMMARY JUDGMENT** |

      This is a challenge to a non-judicial foreclosure completed in August 2010.  Plaintiff's

claims are for a declaration that he is the owner of the property, "free of any estate, title, claim,

lien, or interest of Defendant or those claiming under Defendant," (Complaint ¶ 17(C)), quiet

title (Complaint ¶ 17(D)), and an injunction (Complaint ¶ 17(E)).  Although characterized as

different claims, each relates to the title to the property following a non-judicial foreclosure sale.

MARTIN, BISCHOFF, TEMPLETON,
LANGSLET & HOFFMAN LLP
Attorneys at Law
888 SW Fifth Avenue, Suite 900
Portland, OR  97204
Telephone (503) 224-3113
Fax (503) 224-9471

ORS 86.770(1) provides that the trustee's sale "forecloses and terminates the interest in the property that belongs to a person to which notice of the sale was given . . . . A person whose interest the trustee's sale foreclosed and terminated may not redeem the property from the purchaser at the trustee's." Once the trustee's deed has been recorded, as it was here, ORS 87.780's "statutory presumption of finality" attaches. *Mikityuk v. Nw. Tr. Servs., Inc.*, 2013 WL 3388536 (D. Or. June 26, 2013). *See also, Bergquist v. Deustche Bank National Trust Co.,* Civil No. 3:11-cv-01303-PA, Order dated July 11, 2013 p. 5 (Slip Opinion).

Based upon the undisputed facts, and the presumption of finality, the following items are not in dispute:

- "Plaintiff acquired title to the Property by purchase with financing." Complaint ¶ 7.

- Financing was effected by a promissory note (Hamlin Decl. ¶ 2)[1] and a deed of trust (Hamlin Decl. ¶ 4).[2]

- Plaintiff was in default on the terms of the promissory note and deed of trust beginning as early as 2008. Irene Rhodes Decl. ¶ 3, *et seq.* (By the time the Trustee's Notice of Sale was issued, Plaintiff was in default of payments since October 2008, together with other

---

[1] Plaintiff moved to strike all exhibits to the Hamlin Declaration. Plaintiff's (1) Motion to Strike (2) Request for Judicial Notice; and (3) ORS 73.0501(2)(B) Demand for Presentment, p. 1. Those exhibits should be judicially noticed under Fed R Evid 201, or are otherwise authenticated. *See* n 2, *infra.* Furthermore, the Reyes and Ol Declarations, filed in support of this Reply, fill in any gaps. The motion to strike should be denied.

[2] Courts in this District handling foreclosure challenges routinely take judicial notice of documents such as deeds of trust, assignments, appointments of successor trustee, and trustee's deeds. *Mikityuk v. Nw. Tr. Servs., Inc.*, 2013 WL 3388536 *2 (D. Or. June 26, 2013) (deed of trust and state court orders that were matters of public record judicially noticed). *See also Dumitrash v. Recontrust Co., N.A.*, 2012 WL 1035701 (D. Or. Feb. 7, 2012) *report and recommendation adopted*, 2012 WL 1035615 (D. Or. Mar. 26, 2012) (promissory note that was clearly referenced as evidence of the loan secured by the deed of trust judicially noticed).

DEFENDANT'S REPLY ON ITS MOTION
FOR SUMMARY JUDGMENT

MARTIN, BISCHOFF, TEMPLETON,
LANGSLET & HOFFMAN LLP
Attorneys at Law
888 SW Fifth Avenue, Suite 900
Portland, OR 97204
Telephone (503) 224-3113
Fax (503) 224-9471

defaults (Hamlin Decl. Exh. 9, page 10), such that the entire debt was accelerated.)

- JPMorgan Chase Bank, N.A. was the master servicer for the Long Beach Mortgage Loan Trust 2005-2.  Reyes' Decl. ¶ 3.[3]

- Plaintiff signed a Home Affordable Modification Trial Period Plan on August 25, 2009. Irene Rhodes Decl. ¶ 43; Hamlin Decl. Exh. 7.  In doing so, he acknowledged that "the Plan is not a modification of the Loan Documents and that the Loan Documents will not be modified unless and until (i) I meet all of the conditions required for modification, (ii) I receive a fully executed copy of a Modification Agreement, and (ii) the Modification Effective Date has passed.  I further understand and agree that the Lender will not be obligated or bound to make any modification of the Loan Documents if I fail to meet any one of the requirements under this Plan."  Hamlin Decl. Exh. 7, p. 2.  Further, he agreed that "all terms and provisions of the Loan Documents remain in full force and effect; nothing in this Plan shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents.  The Lender and I will be bound by, and will comply with, all of the terms and provisions of the Loan Documents."  Hamlin Decl. Exh. 7, p. 3.

- Northwest Trustee Services, Inc. was appointed as successor trustee in a document recorded on December 12, 2005.  Hamlin Decl. (dated July 25, 2013) Exh. 1.

- In March 2010, NWTS gave notice by mailing to Ralph Rhodes at a PO Box and at the

---

[3] Plaintiff refers throughout its opposition to JPMorgan Chase as "alleged" servicer.  *See e.g.* Plaintiff's Response to Defendant's Motion for Summary Judgment, p. 3, n. 2.  It is not clear what significance Plaintiff attaches to that label.  In any event, the Reyes Declaration establishes that JPMorgan Chase was the servicer for this loan.  A servicer can collect on a note and can conduct a non-judicial foreclosure.  *See* Memorandum in Support of Defendant Deutsche Bank National Trust Company's Motion for Summary Judgment, p. 4 (citing ORS 86A.175).

Page 3-    DEFENDANT'S REPLY ON ITS MOTION
            FOR SUMMARY JUDGMENT

MARTIN, BISCHOFF, TEMPLETON,
LANGSLET & HOFFMAN LLP
Attorneys at Law
888 SW Fifth Avenue, Suite 900
Portland, OR  97204
Telephone (503) 224-3113
Fax (503) 224-9471

property.  Hamlin Decl. Exh. 9, pp. 3, 8.  There were additional mailings, postings and publication.  Hamlin Decl. Exh. 9, pp. 10-14.  Plaintiff does not deny that the required notice for a non-judicial foreclosure was given.  Irene Rhodes Decl. ¶¶ 52-56.

- Throughout the Spring and Summer of 2010, Plaintiff was aware that the trial plan was broken and that there was no loan modification.  Irene Rhodes Decl. ¶¶ 52 ("active foreclosure"), 53 ("plan terminated" and "precursor to getting back in line for another modification attempt"), 55 ("trial plan was broken"), 61 ("we were starting all over again"), 65 ("modification file was closed").

- The scheduled August 4 sale was postponed to August 11, 2013.  Corrected Misfeldt Decl., Exh. G, pp. 3-4.[4]  Plaintiff has not articulated any prejudice

- The Trustee's Deed includes recitals concerning the security for the loan, the status of the parties, the nature of the default, the giving of notice, and the conduct of the sale.  Hamlin Decl. Exh. 9.

- Plaintiff's Complaint challenging the non-judicial foreclosure was filed in Lane County Circuit Court on May 4, 2012, eighteen months after the non-judicial foreclosure.

## LEGAL ARGUMENT

Plaintiff's opposition raises several reasons why summary judgment should not be

---

[4] There is a presumption that the foreclosure sale was regularly conducted.  Or R Evid 311(1)(m); Fed R Evid 302 (state law of presumptions applies when state law provides the rule of decision).  Further, Plaintiff is the one seeking to upset the foreclosure sale and has the burden.  Fed R Evid 301; ORS 87.780 (recitals in trustee's deed and affidavits is prima facie evidence; conclusive as to a BFP).  The Trustee's Deed (Hamlin Decl. Exh 9, p. 16) specifically recites that the sale was conducted pursuant to the notice of sale and one or more "public proclamations of the sale's postponement . . .."  That recital is at least prima facie evidence of the proclamation.  ORS 87.780.  It is supported by the Smith Decl., filed concurrently.

MARTIN, BISCHOFF, TEMPLETON,
LANGSLET & HOFFMAN LLP
Attorneys at Law
888 SW Fifth Avenue, Suite 900
Portland, OR 97204
Telephone (503) 224-3113
Fax (503) 224-9471

granted.[5]  None of them have merit.

### 1.    Defendant Need Not Demonstrate That it is The Holder of the Note, But It Has Made That Showing

Defendant demonstrated to the Court at page 4 of its Memorandum in Support that a party conducting a non-judicial foreclosure is not required to "show the note" or obtain court approval before conducting a sale.  Further, the identity of the owner of the promissory note on the date of sale, and on any other date, is not relevant.  Plaintiff did not address any of the case law cited there.  Instead, Plaintiff pushes past that issue, and states that "the Bank can be the person entitled to enforce the Note under Oregon law only if the Note was properly negotiated to the Bank and the Bank had physical possession of the Note when the Bank told NTS to take the Rhodes Home."  Plaintiff's Response, p. 2.

Although Plaintiff faults Defendant for not proving something that it is not required to prove, in fact, Defendant has in fact proven those facts.  In answers to Interrogatories (Hamlin Decl. (dated July 25, 2013)) Exh. 2,[6] Plaintiff was provided with a description of how the Trust obtained the promissory note, endorsed in blank.  Answer to Interrogatory No. 4.  Further, Plaintiff was told that Defendant "is the current owner of the Rhodes Note, and was the owner of the Rhodes Note on August 11, 2010."  Answer to Interrogatory No. 3.  *See also,* Reyes Decl. ¶

---

[5] Plaintiff's response to the motion for summary judgment says "nothing in the hodgepodge of hastily assembled materials filed by the Bank's current attorney with its Motion meets the substance of Plaintiff's core factual claims in this case, which stand on this record as matters of undisputed fact."  Plaintiff's Response, p. 2.  Defendant will not respond to the argumentative tone of this and other statements in the Response.  In any event, a party resisting a motion for summary judgment cannot simply stand on its pleadings.

[6] The answers to interrogatories were attached to the Hamlin Decl., but inadvertently not mentioned in the text.  Defendant will file a corrected Hamlin Decl. to cure that deficiency.

MARTIN, BISCHOFF, TEMPLETON,
LANGSLET & HOFFMAN LLP
Attorneys at Law
888 SW Fifth Avenue, Suite 900
Portland, OR  97204
Telephone (503) 224-3113
Fax (503) 224-9471

8.

There is no right of presentment in the context of non-judicial foreclosure.  Plaintiff has done no more than to cite ORS 73.0501 without any discussion as to how it applies either at the time of the non-judicial foreclosure sale, or now.  Presentment is contrary to the Oregon Trust Deed Act, as interpreted by Judges of this Court.  Memorandum in Support, p. 4.  In any event, Defendant has stated that it will "make the original note available for inspection."  Answer to Interrogatory No. 7.[7]  Plaintiff has never taken Defendant up on that offer.  Thus, Plaintiff's "ORS 73.050(2) (B) demand for presentment" [Document No. 21] should be denied.

2.    **Plaintiff's Argument That A Year <u>After</u> the Sale He Had A Hope That He Could Redeem The Property for Its Then Current Market Value is Unfounded**

At page 4 of Plaintiff's Response, and paragraphs 9 – 11 of the Corrected Misfeldt Decl, and paragraphs 74 – 81 of the Irene Rhodes Decl, a claim is made that there was a "deal" to sell the property for less than the amount of the debt.  First, Mr. Misfeldt does not himself make such a claim.  Instead, he refers to the Irene Rhodes Decl.  Corrected Misfeldt Decl. ¶ 9.  Irene Rhodes' Declaration expresses nothing more than a belief that a purchase could be negotiated. But the Uhl Decl., filed concurrently, specifically states:  "I had no authority to offer the property

---

[7] "'[M]ere possession of a promissory note endorsed in blank (just like a check) provides presumptive ownership of that note by the current holder.' *Deutsche Bank Nat'l Trust Co. v. Pietranico,* 33 Misc.3d 528, 545, 928 N.Y.S.2d 818 (Sup.Ct.2011); *see also Mortg. Elec. Registration Sys., Inc. v. Coakley,* 41 A.D.3d 674, 674, 838 N.Y.S.2d 622 (2d Dept.2007). It is undisputed that the defendants possess the note." *Boniel v. U.S. Bank N.A.,* 2013 WL 458298 (E.D.N.Y. Feb. 6, 2013) *reconsideration denied,* 2013 WL 1687709 (E.D.N.Y. Apr. 18, 2013)

MARTIN, BISCHOFF, TEMPLETON,
LANGSLET & HOFFMAN LLP
Attorneys at Law
888 SW Fifth Avenue, Suite 900
Portland, OR  97204
Telephone (503) 224-3113
Fax (503) 224-9471

for sale, nor did I imply I had such authority and at no time did I make a 'deal' or agreement with Mr. Misfeldt or the Rhodes to sell the property that had been foreclosed, or to sell it for a particular price." Uhl Decl., ¶ 3.

Further, such discussions concerning a sale cannot be the basis of an order overturning the non-judicial foreclosure sale conducted more than a year earlier. When a deed of trust is foreclosed non-judicially, there is no right of redemption. The owner of property following such a sale is free to sell it as and when it chooses. And, if Plaintiff received all of the relief requested (though not entitled to), the property would be owned by Plaintiff subject to a deed of trust that is in default. Further, Plaintiff has not alleged, and cannot prove, that he offered to or is prepared to cure the default, which has long ago been accelerated. Memorandum in Support, p. 5.[8]

### 3.    Plaintiff's Effort to Rely on A Consent Order in a Matter Between the Controller of the Currency and JPMorgan Chase in 2011 Should Be Rejected

Plaintiff relies on a consent judgment and an amendment in the above matter presumably to show that Chase made mistakes in foreclosures and loss mitigation. Plaintiff's effort to rely on those documents (*See* Corrected Misfeldt Decl., ¶ 3, Exhs. A, B; Plaintiff's (1) Motion to Strike (2) Request for Judicial Notice; and (3) ORS 73.0501(2)(B), p. 2) is apparently based on the notion that Chase must have made a mistake in foreclosure or loss mitigation, and that it must have done so here. But such evidence is inadmissible under Fed R Evid 404 and the express terms of the documents relied upon by Plaintiff. Exhibit A, p. 2 of 33 ("bank neither admits nor denies"), Exh. A, p. 27 of 33 (nothing "shall give to any person or entity, other than the parties

---

[8] Defendant Deutsche Bank National Trust Company's Answer to Complaint, Thirteenth Affirmative Defense specifically raises this issue.

MARTIN, BISCHOFF, TEMPLETON,
LANGSLET & HOFFMAN LLP
Attorneys at Law
888 SW Fifth Avenue, Suite 900
Portland, OR  97204
Telephone (503) 224-3113
Fax (503) 224-9471

hereto, or their successors hereunder, any benefit or any legal or equitable right, remedy or claim under this Stipulation and Consent or this Order)  There is similar language at Exh. A, p. 29 of 33, Exh. A, p. 30 of 33, Exh. B, p. 13 of 20, Exh. B, p. 16 of 20, and Exh. B, p. 17 of 20.  The request for judicial notice should be denied.

### 4.    Plaintiff's Claim That the Note Was Improperly Endorsed Is Not A Valid Claim

Plaintiff makes an ineffective argument that the signature of Jess Almanza on the endorsement on the original promissory note is not the same as another signature from Corrected Misfeldt Decl. Exh. C.  The key reason that argument is ineffective is that the endorsement in blank and delivery of the note to the Trust is a matter between the transferor and the transferee. *Forseth v. Bank of Am., N.A.*, 2013 WL 2297036 (D. Minn. May 24, 2013).[9]  But there are additional reasons:  (1) there is a presumption as to authenticity and authority of a signature (ORS 73.0308), (2) there is little in the way of background concerning the "exemplar" document; (3) Plaintiff cites no law for the proposition that every signature made by or on behalf of a person must be identical; (4) the "expert" offering an opinion is Mr. Misfeldt; and (5) this is just the sort

---

[9] "The allegations regarding unauthorized signatures on every document related to the foreclosure process for the Forseths' mortgage are similarly implausible and pure speculation. But even if the signatures were unauthorized, the harm caused by the lack of signing authority is harm to MERS or BAC, in the case of Mr. Bruns, or BAC/Bank of America or Fannie Mae in the case of Mr. McDaniel and Ms. Girvan. See Kenneally v. First Nat'l Bank of Anoka, 400 F.2d 838, 842 (8th Cir.1968) ("[O]nly those who have acted in reliance upon the apparent authority of the agent are entitled to recover where the agent possessed no actual authority."). There is no allegation in the Amended Complaint that any of these individuals falsely initiated foreclosure proceedings against the Forseths' property, and the documents in the public records belie such a claim in any event. The Forseths defaulted on their mortgage by not making payments as they promised. Even if all three of these individuals lacked signing authority, as the Forseths claim, they have suffered no injury as a result and therefore have no standing to pursue their claims. See, e.g., Bennett v. Spear, 520 U.S. 154, 162 (1997) (noting that, to establish standing, a plaintiff must "demonstrate that he has suffered [an] injury in fact [and] that the injury is fairly traceable to the actions" complained of)."

MARTIN, BISCHOFF, TEMPLETON,
LANGSLET & HOFFMAN LLP
Attorneys at Law
888 SW Fifth Avenue, Suite 900
Portland, OR  97204
Telephone (503) 224-3113
Fax (503) 224-9471

of objection to a non-judicial foreclosure sale that is barred by ORS 86.770, 86.780 and *Mikityuk v. Nw. Tr. Servs., Inc.*, 2013 WL 3388536 (D. Or. June 26, 2013).

**5.    Plaintiff's Argument that Neither the Trust Nor Chase Developed the Bidding Instructions, and that the Sale Was Not Postponed by Proclamation, are Wrong**

Chase did provide bid instructions.  Corrected Misfeldt Decl. Exh. F.  The sale was postponed by proclamation.  Smith Decl. ¶ 2.  But in any event, this is just the kind of objection to a non-judicial foreclosure sale covered by ORS 86.770, 86.780 and *Mikityuk v. Nw. Tr. Servs., Inc.*, 2013 WL 3388536 (D. Or. June 26, 2013).  Neither alleged deficiency is mentioned in the Complaint, neither is supported by an evidenciary record, and both are barred by the rule of finality just mentioned.

**6.    Plaintiff's Motion to Strike Should Be Denied**

None of the exhibits mentioned in Plaintiff's motion should be stricken.  The language in the Hamlin Declaration concerning the promissory note is cured, if there was a problem at all, by the fact that the court can take judicial notice of a promissory note (*supra* n. 2), possession of the original promissory note, endorsed in blank is proof of ownership (*supra* n. 7), the Reyes Declaration, filed concurrently, and the Answers to Interrogatories, referred to above.

Exhibits 2 and 3 are now covered by the Reyes Declaration.  They were also previously covered by the Answers to Interrogatories, referred to above.

Exhibits 4, 5, 6, 9 and 13 are all public records of the type frequently judicially noticed in such cases.  *See* n.2, above.

Page 9-    DEFENDANT'S REPLY ON ITS MOTION
FOR SUMMARY JUDGMENT

MARTIN, BISCHOFF, TEMPLETON,
LANGSLET & HOFFMAN LLP
Attorneys at Law
888 SW Fifth Avenue, Suite 900
Portland, OR 97204
Telephone (503) 224-3113
Fax (503) 224-9471

Exhibits 7, 8 and 10 are authenticated because they were produced in discovery, and because they self-authenticate in that they are from a party on its letterhead to a party. *See* Fed R Evid. 901(b)(4) and 902.  Further, the Irene Rhodes Declaration contains an admission that Ralph Rhodes signed the Trial Plan, right down to the date.

The motion to strike should be denied.

## CONCLUSION

Plaintiff does not respond to several arguments made by Defendant:  (1) that Plaintiff isn't entitle to a declaration that he is entitled to ownership of the property free and clear; (2) that possession of the original promissory note is not required for a non-judicial foreclosure; or (3) that there is no Quiet Title Claim.  Thus, he has conceded those points.

As to the remaining claims, Plaintiff made no effort to discuss the ruling in *Wolf v. GMAC Mortgage, LLC,* Yamhill County Circuit Court No. CV 120134 (Exhs. 13 and 14 to Hamlin Decl.).  Nor does Plaintiff discuss *Mikityuk v. Nw. Tr. Servs., Inc.,* 2013 WL 3388536 (D. Or. June 26, 2013).  Plaintiff's claims do not survive such analysis.

For all of the above reasons, Defendant's motion for summary judgment should be granted.

DATED:  July 25, 2013.

MARTIN, BISCHOFF, TEMPLETON,
LANGSLET & HOFFMAN LLP

By:     s/Bruce C. Hamlin
       Bruce C. Hamlin, OSB #792542
       bhamlin@martinbischoff.com
       888 SW Fifth Avenue, Suite 900
       Portland, OR  97204
       Telephone:  (503) 224-3113
       Facsimile:  (503) 224-9471

Attorneys for Defendant Deutsche Bank

MARTIN, BISCHOFF, TEMPLETON,
LANGSLET & HOFFMAN LLP
Attorneys at Law
888 SW Fifth Avenue, Suite 900
Portland, OR  97204
Telephone (503) 224-3113
Fax (503) 224-9471

National Trust Company, as Trustee for Long
Beach Mortgage Loan Trust 2005-2

DEFENDANT'S REPLY ON ITS MOTION
FOR SUMMARY JUDGMENT

MARTIN, BISCHOFF, TEMPLETON,
LANGSLET & HOFFMAN LLP
Attorneys at Law
888 SW Fifth Avenue, Suite 900
Portland, OR 97204
Telephone (503) 224-3113
Fax (503) 224-9471

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on this date, I filed the foregoing **DEFENDANT'S REPLY ON ITS MOTION FOR SUMMARY JUDGMENT** via the U.S. District Court's CM/ECF Electronic Filing System. I further certify that by filing said document via the U.S. District Court's CM/ECF Electronic Filing System, a copy thereof was served on the following party:

Travis W. Misfeldt
Speer Hoyt LLC
975 Oak St Ste 700
Eugene, OR  97401
E-mail:  travis@speerhoyt.com

Attorney for plaintiff

DATED:  July 25, 2013.

MARTIN, BISCHOFF, TEMPLETON,
LANGSLET & HOFFMAN LLP

By: <u>s/Bruce C. Hamlin</u>
Bruce C. Hamlin, OSB #792542
bhamlin@martinbischoff.com
888 SW Fifth Avenue, Suite 900
Portland, OR  97204
Telephone:  (503) 224-3113
Facsimile:  (503) 224-9471

Attorneys for Defendant Deutsche Bank
National Trust Company, as Trustee for Long
Beach Mortgage Loan Trust 2005-2

MARTIN, BISCHOFF, TEMPLETON,
LANGSLET & HOFFMAN LLP
Attorneys at Law
888 SW Fifth Avenue, Suite 900
Portland, OR  97204
Telephone (503) 224-3113
Fax (503) 224-9471