IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | | |
|---|---|---|
| RALPH RHODES, | ) | No. 6:12-cv-01357-PA |
| Plaintiff, | ) ) ) | **ORDER** |
| v. | ) ) | |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for Long Beach Mortgage Loan Trust, | ) ) ) ) | |
| Defendant. | ) ) | |

**PANNER, J.**

Before the Court is Defendant's motion for summary judgment (#18) and Plaintiff's motions to strike (#21, #36). For the reasons discussed below, the motions are DENIED.

### Legal Standard

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed R. Civ. P. 56(a); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247 (1986). The moving party has the initial burden of showing that no genuine issue of material fact exists. <u>Celotex Corp. V.</u>

1 - ORDER

Catrett, 477 U.S. 317, 323 (1986); Devereaux v. Abbey, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). The court cannot weigh the evidence or determine the truth but may only determine whether there is a genuine issue of fact. Playboy Enters., Inc. v. Welles, 279 F.3d 796, 800 (9th Cir. 2002). An issue of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002)(quoting Anderson, 477 U.S. at 248).

## Discussion

I have carefully reviewed the pleadings[1] and declarations in this matter and I conclude that there are genuine issues of material fact in this case. Summary judgment is therefore not appropriate and Defendant's motion is DENIED.

Plaintiff's motions to strike are well taken, but even if I consider the contested statements I still conclude that there are genuine issues of material fact. Plaintiff's motions to strike are therefore DENIED as moot.

## Conclusion

Defendant's motion for summary judgment (#18) is DENIED. Plaintiff's motions to strike (#21, #36) are DENIED as moot. A pretrial conference shall be held by telephone on October 7, 2013

---

[1] I direct the parties' attention to the recent decision of the Ninth Circuit Court of Appeals in Corvello v. Wells Fargo Bank, NA, Nos. 11-16234, 11-16242, 2013 WL 4017279 (9th Cir. Aug. 8, 2013). The circumstances in that case are similar in some, but not all, respects to this case. The holding of Corvello, in addition to directly addressing some of the arguments made in the parties' briefing, provides insight into the Ninth Circuit's perspective on these matters.

2 - ORDER

at 10:30am. The Court will provide the parties with the necessary information to participate in the call. A bench trial will be held in Medford at 9:00am on October 15, 2013.

IT IS SO ORDERED.

DATED this ___ day of August, 2013.

Owen M. Panner
United States District Judge

3 - ORDER